Henry Epstein, J.
Petitioner, Carmine Lombardozzi, seeks release from confinement on a writ of habeas corpus. He has been in custody by reason of contempt proceedings resulting from his refusal to answer questions in an inquiry by the Commission of Investigation of State of New York. The inquiry
*1068 results from investigating an alleged conspiracy taking place on November 14, 1957, at the residence of one Joseph Barbara (now deceased) in Apalachin, N. Y. Petitioner and six other witnesses have refused to answer questions despite immunity from prosecution under State laws granted by the respondent commission. Petitioner was one of those present at the said meeting and can, in the opinion of the commission, yield valuable information regarding the event under inquiry. Petitioner’s criminal record comprises nine convictions dating back to 1930 and including unlawful entry, disorderly conduct, bookmaking and common gambler. This petitioner has unsuccessfully challenged his present confinement in the courts of this State (Matter of Commission of Investigation of State of N. Y. v. Lombardozzi, 7 A D 2d 48 [1st Dept., 1958], affd. without opinion 5 N Y 2d 1026 [1959]).
Petitioner bases his present plea upon an indictment in the Federal Court, Southern District of New York, charging him, among others, with conspiracy against lawful authorities. This indictment, presently pending, was returned after the prior proceedings testing petitioner’s confinement for contempt. It is this intervening Federal indictment and the trial of the defendants in prospect which constitute petitioner’s claim for relief from the State’s present refusal to release him. A like argument was advanced in an attempt to quash a subpoena of the commission in Matter of Bonanno, denied by Mr. Justice Spectob on June 9, 1959. Bonanno had also attended the Apalachin meeting and is a codefendant in the Federal indictment. Here too the cases relied upon by petitioner uniformly have denied the relief sought in this instance. Counsel for petitioner presents a strong argument, but unfortunately for petitioner it is an argument reflected in the dissenting opinions of Chief Justice Wabbex and Justices Black and Douglas in Mills v. Louisiana (360 U. S. 230), decided by the Supreme Court of the United States June 8, 1959. The majority of the Supreme Court in a Per Curiam decision sustained the State court on the authority of Knapp v. Schweitzer (357 U. S. 371, 381); Feldman v. United States (322 U. S. 487). Any lingering doubts have been thus determined adversely to petitioner herein.
Petitioner’s argument might have some force were State and Federal jurisdiction to be separated by an impenetrable barrier. Criminal conspiracies and activities know no such boundaries as State and Federal. Co-operation is essential to successful prosecution of such conspiratorial activities. The public protection calls for the closest co-operation between
*1069 State and Federal authorities. The courts of this State cannot accept responsibility for the failure of Federal or State agencies to investigate, apprehend and prosecute the guilty, ones. The great danger is that of “ sterilizing the power of both governments by not recognizing the autonomy of each within its proper sphere ” (Justice Frankfurter in Knapp v. Schweitzer, 357 U. S. 371, 381). The unanimous affirmances of petitioner’s prior commitment cannot thus now be undermined. Petitioner must seek his release through truthful answers to the questions properly posed to him by respondent commission. Such power of the State embodied in section 406 of the Civil Practice Act finds authority going back precisely 500 years (Court of Common Pleas, England, in the year 1459, in J. R. v. M. P. Y. B., 37 Henry VI, f. 13 — found in Field & Kaplan, Civil Procedure, pp. 268-270). Witnesses unlawfully withholding essential information must not be permitted to choose the occasion for their response. They must obey lawful statutes and the commands of authorized government agencies. The respondent commission is such an agency, acting properly within its lawful authority.
The instant writ is dismissed. Order signed.